UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| FEC HOLDINGS, LP, a Texas limited partnership; FEC MESQUITE, LP; a Texas limited partnership; FEC CHAMPIONS, LP, a Texas limited partnership; FEC OKC MACARTHUR, LLC, an Oklahoma limited liability company; FEC SUGARLAND, LP, a Texas limited partnership; FEC EULESS, LP, a Texas limited partnership; FEC PASADENA, LP, a Texas limited partnership; FEC LAFAYETTE, LLC, a Louisiana limited liability company; FEC EL PASO, LP, a Texas limited partnership; and LLOYD ROBERT FRENCH, III, an individual, Plaintiffs, v. INCREDIBLE PIZZA FRANCHISE GROUP, LLC, a Missouri limited liability company, RICHARD BARSNESS, an individual, and CHERYL BARSNESS, an individual, Defendants. | CIVIL ACTION NO. 6:10-cv-03042-RED<br><br>COUNTERDEFENDANTS' ANSWER TO THE COUNTERCLAIMS OF INCREDIBLE PIZZA FRANCHISE GROUP, LLC |

Plaintiffs and Counter-defendants FEC Holdings, LP, Lloyd Robert French, III, FEC Mesquite, LP, FEC Champions, LP, FEC OKC MacArthur, LLC, FEC Sugarland, LP, FEC Euless, LP, FEC Pasadena, LP, FEC Lafayette, LLC, and FEC El Paso, LP (hereinafter "Plaintiffs"), by their attorneys Dady & Gardner, P.A. and Husch Blackwell Sanders LLP, for their Answer to the counterclaims asserted by Defendant/Counter-plaintiff Incredible Pizza

Franchise Group, LLC ("Defendant"), state and allege as follows:

1. Plaintiffs admit that Defendant has made counterclaims as alleged in Paragraph 1 but deny that Defendant is entitled to relief of any kind.

2. Plaintiffs admit that Defendant is a franchisor of a system of family entertainment centers but deny the balance of the allegations appearing in Paragraph 2 as unduly vague.

3. Plaintiffs deny the allegations of Paragraph 3 as unduly vague.

4. Plaintiffs admit the allegations of Paragraph 4.

5. Plaintiffs admit to the execution of an Area Development Agreement ("ADA") but deny the balance of the allegations appearing in Paragraph 5 because the ADA speaks for itself.

6. Plaintiffs admit to the allegations appearing in Paragraph 6.

7. Plaintiffs admit to the allegations appearing in Paragraph 7.

8. Plaintiffs admit to the allegations appearing in Paragraph 8.

9. Plaintiffs admit to the allegations appearing in Paragraph 9.

10. Plaintiffs admit to the allegations appearing in Paragraph 10.

11. Plaintiffs admit to the allegations appearing in Paragraph 11.

12. Plaintiffs admit to the allegations appearing in Paragraph 12.

13. Plaintiffs admit to the allegations appearing in Paragraph 13.

14. Plaintiffs admit that each of the franchise agreements contains the language appearing in section 16.6 but deny the balance of the allegations appearing in Paragraph 14 as the franchise agreements speak for themselves.

15. Plaintiffs admit that each of the franchise agreements contains the language appearing in section 16.7 but deny the balance of the allegations appearing in Paragraph 15 as

the franchise agreements speak for themselves.

16. Plaintiffs admit that Defendant and Mr. French executed a letter agreement on November 25, 2003 but deny the balance of allegations appearing in Paragraph 16 because the letter agreement speaks for itself.

17. Plaintiffs admit that Defendant and Mr. French executed a letter agreement on November 25, 2003 but deny the balance of allegations appearing in Paragraph 17 because the letter agreement speaks for itself.

18. Plaintiffs admit the allegations appearing in Paragraph 18.

19. Plaintiffs admit that Plaintiffs terminated their franchise agreements via written notices dated November 25, 2009 because each franchise had operated at a loss for three consecutive months but deny any other allegation appearing in Paragraph 19.

20. Plaintiffs admit that Defendant responded in writing to the notices of termination issued by Plaintiffs on December 4, 2009 as alleged in Paragraph 20, but deny that Defendant timely exercised its option rights as part of such responsive letters dated December 4, 2009. Instead of clearly articulating an intention to exercise Defendant's option to purchase all of the assets of each of Plaintiffs' franchises at fair market value, Defendant merely "reminded" Plaintiffs of the existence of its claimed option rights. Plaintiffs deny the balance of the allegations appearing in Paragraph 20 as Defendant's written notices dated December 4, 2009 speak for themselves.

21. Plaintiffs admit having sent a letter on December 14, 2009 as alleged in Paragraph 21 but state that such letter speaks for itself and therefore deny the balance of the allegations appearing in Paragraph 21.

22. Plaintiffs deny the content of Paragraph 22 except that portion which states that

Plaintiffs properly communicated that it was neither necessary nor appropriate for Defendant to send an "appraiser" given that Defendant never timely exercised its option rights under the franchise agreements.

23. Plaintiffs deny the allegations of Paragraph 23. Defendant has never identified its estimate of the fair market value of Plaintiffs' franchises. Defendant has, instead, claimed that Defendant should be allowed to purchase Plaintiffs' locations based on salvage value despite Defendants' stated intention to operate each such locations as a going concern.

24. Plaintiffs are without sufficient information to admit or deny the allegations appearing in Paragraph 24 except that allegation that Defendant sent a letter (the content of which speaks for itself) to Plaintiffs.

25. Plaintiffs admit the allegations appearing in Paragraph 25.

26. Plaintiffs state that Paragraph 26 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of Paragraph 26.

27. Plaintiffs deny the allegations appearing in Paragraph 27.

28. Plaintiffs state that Paragraph 28 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of Paragraph 28 and affirmatively note that Defendant's claims that it will suffer loss of customers and a loss of goodwill belie Defendant's sworn affidavit testimony before the federal courts claiming that the franchise locations in question have a value limited to salvage value.

29. Plaintiffs deny the allegations appearing in Paragraph 29.

30. Plaintiffs state that Paragraph 30 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of Paragraph

30.

31. Plaintiffs deny the allegations appearing in Paragraph 31.

32. Plaintiffs deny the allegations appearing in Paragraph 32.

33. Plaintiffs state that Paragraph 33 states a legal conclusion to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations of Paragraph 33.

34. Plaintiffs deny the allegations appearing in Paragraph 34.

35. Plaintiffs deny the allegations appearing in Paragraph 35.

36. Plaintiffs deny the allegations appearing in Paragraph 36.

## **AFFIRMATIVE DEFENSES**

1. Defendant failed to state a claim upon which relief may be granted.

2. Defendant's claims are barred by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

3. Defendant's claims are barred by Defendant's unlawful actions, and/or prior material breaches of the agreements, including the covenant of good faith and fair dealing implied therein.

4. Defendant's claims are barred by public policy.

5. Defendant's claims are barred by fraud.

6. Defendant has suffered no compensable damage.

7. Defendant's claims are barred because of Defendant's failure to mitigate.

8. Any harm suffered by Defendant is due, in whole or in part, to Defendant's own actions.

**WHEREFORE,** Plaintiffs respectfully requests the following relief:

1. An award in favor of Plaintiffs for their full amount of damages;

2. An award granting Plaintiffs rescission of their Agreements with Defendants;

3. An award granting Plaintiffs trebled damages to the extent authorized by law;

4. An award granting Plaintiffs their costs, disbursements and reasonable attorneys' fees incurred herein to the extent authorized by law; and

5. An award granting Plaintiffs such other and further relief as the Court may deem just and appropriate.

DATED: February 24, 2010     Respectfully submitted,

**DADY & GARDNER, P.A.**

By:    s/ Mary K. DesCombaz
       J. Michael Dady (MN#2062X)
       John D. Holland (MN#028614X)
       Mary K. DesCombaz (MN#0398355)
5100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612)359-9000
Facsimile: (612)359-3507

**HUSCH BLACKWELL SANDERS LLP**
Lincoln J. Knauer, #19745
Jason Smith, #57657
901 E. St. Louis St., Suite 1800
Springfield, MO 65806
Telephone: (417) 268-4000
Facsimile: (417) 268-4040

**ATTORNEYS FOR PLAINTIFFS**